Frederick T. ROBERTS and Robert Eldon Roberts, Plaintiffs,

v.

HERBERT COOPER CO., Inc., Defendant.

Civ. A. No. 6354.

United States District Court
M. D. Pennsylvania.

Nov. 20, 1959.

Compton, Handler & Berman, Harrisburg, Pa., Pattison, Wright & Pattison, Washington, D. C., Rogers W. Roberts, Los Angeles, Cal., for plaintiffs.

Rhoads, Sinon & Reader, Harrisburg, Pa., Morton Amster, Amster & Levy, New York City, Bernard W. Wohlfert, Department of Justice, Washington, D. C., Daniel H. Jenkins, U. S. Atty., Scranton, Pa., for defendant.

FOLLMER, District Judge.

Plaintiffs on July 8, 1958, filed a "Complaint for Infringement of United States Letters Patents." It was alleged that the defendant, Herbert Cooper Co., Inc., (hereafter called "Cooper") in the manufacture of rubber tubing and hose under contracts with the Department of Defense was infringing certain "method" patents of plaintiffs. A restraining order was granted on July 8, 1958, with July 14, 1958 set for a hearing. On July 11, 1958, a motion to vacate the restraining order was filed and noticed for hearing on July 14, 1958. The restraining order was vacated on July 14, 1958, after a hearing on that date. At such hearing the United States intervened and after calling attention to 28 U.S.C. § 1498, the material portion of which is,

> "Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

> "For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States."

introduced in evidence a letter of the Department of the Air Force to the Attorney General, dated July 11, 1958, which stated, inter alia:

> "The two Air Force contracts contain the standard Authorization and Consent Clause prescribed by Section 9–102.1 of the Armed Services Procurement Regulation which is intended to invoke the provisions of 28 U.S.C. 1498 so as to preclude injunctive action against a Government contractor and give to a patentee as his exclusive remedy, a right of suit in the Court of Claims against the Government for compensation. Independent of this Authorization and

Consent Clause, and to assure that contract performance will not be interrupted, the Air Force is today sending a letter to Herbert Cooper Company expressly authorizing and consenting under 28 U.S.C. 1498 to the methods of manufacture hereto used by that company in performance of the existing Air Force contracts, which methods are the subject of the plaintiffs' complaint."

It also introduced in evidence copy of the letter of July 11, 1958, from the Director, Procurement and Production HQ, USAF, to Herbert Cooper Company, Inc., (referred to in the testimony as a telegram) which stated, inter alia:

"For purposes of assuring that you are able to continue performance of your current Air Force contracts for oxygen hose assemblies without interruption in order that we may receive as soon as possible these critical items which are in extremely short supply, the Air Force hereby specifically authorizes and consents to your use of the methods of manufacturing those items which you have heretofore used in the performance of these contracts, whether or not such methods may infringe the patents upon which the plaintiffs' claims of patent infringement in Civil Action No. 6354 are based. This authorization and consent is given for the purpose of invoking the provisions of Section 1498, Title 28, United States Code, which prevents a patent owner from enjoining work under a Government contract where such work is with the authorization and consent of the Government and which grants to the patent owner, as his exclusive remedy, a suit against the Government in the Court of Claims for compensation. The authorization and consent hereby given is in addition to that granted to you by the Government in your two current Air Force contracts and is given only to eliminate any doubt which may arise concerning the extent of the intended authorization

and consent granted therein. We do not hereby relinquish any rights which we may have against you for indemnification by virtue of the patent indemnification clauses contained in your contracts with the Air Force, the special agreement of indemnity in favor of the Government which was executed by Mr. Joseph Herbert on your behalf on 24 March 1958, or otherwise."

■ No extended discussion is required on the question whether this action falls within the provisions of 28 U.S. C. § 1498. Defendant's contracts are with the United States and the authorization and consent of the Government provided for in the statute is present in the instant case, so that plaintiffs are relegated to their remedy in the Court of Claims and the present suit must be dismissed.

■ Defendant's motion to dismiss the complaint also asks for the assessment of "damages for wrongful restraint." There is nothing to indicate that the action was not taken in good faith or that it was maliciously instituted. The restraining order was applied for and entered on July 8, 1958, and was returnable on the 14th day of July, at which time it was vacated, so that there were no unreasonable delays. The motion for the restraining order alleges, and it has not been denied, that

"Plaintiffs have placed defendant on notice of defendant's acts of infringement, and plaintiffs have, by registered mail dated July 3, 1958, placed defendant, and the United States Government, on notice of plaintiffs' intention to appear before this Honorable Court on July 8, 1958 for the purpose of requesting temporary injunctive relief."

Whether or not defendant's contracts contained the "standard Authorization and Consent Clause" was defendant's knowledge and it could have protected itself by notifying plaintiffs to that effect. On the contrary, not even the motion to vacate the temporary restraining order

filed by defendant on July 11, 1958, and noticed for hearing on July 14, 1958, contained any reference to the fact that such "Authorization and Consent Clause" was contained in the defendant's contracts and barred instant action. It was not until the hearing on July 14, 1958, that the letter and telegram (Government Exhibits Nos. 1 and 2) were produced by counsel for the Government who appeared in the action for that purpose at that time. The restraining order was immediately vacated on July 14, 1958. Equitably, therefore, there appears no reason for defendant being allowed any damages under the bond filed in connection with the issuance of the restraining order.

Complaint dismissed.